51 F.3d 285
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Tyrone CRAWFORD, Petitioner-Appellant,
v.
David R. McKUNE and Attorney General of the State of Kansas,
Respondents-Appellees.
 No. 94-3394.
 United States Court of Appeals, Tenth Circuit.
 April 6, 1995.
 
 Before MOORE, BARRETT and EBEL, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. See Fed. R.App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Tyrone Crawford, an inmate of the Lansing Correctional Facility, Lansing, Kansas, appearing pro se, seeks leave to proceed in forma pauperis, issuance of a Certificate of Probable Cause, and order reversing the district court's dismissal of his 28 U.S.C. 2254 petition for a writ of habeas corpus.
 
 
 3
 We grant petitioner's motion for leave to proceed on appeal without prepayment of costs or fees and we also grant petitioner's application for a Certificate of Probable Cause simply to reach the merits.
 
 
 4
 In the district court and on appeal, Crawford contended/contends that following his guilty plea to one count of aggravated burglary and one count of rape for which he was ultimately sentenced to 5 to 20 years and 15 years to life, he was (1) denied due process of law when the state prosecutor breached the terms of a plea agreement, and (2) denied effective assistance of counsel during his plea hearing and during his sentencing proceeding. The appellee concedes that Crawford has exhausted his state court remedies.
 
 
 5
 At the plea hearing, the prosecutor faithfully abided the terms of the negotiated plea agreement. He informed the court that upon Crawford's plea of guilty to Counts 1 and 4, the State (a) would not seek imposition of the Habitual Criminal Act, (b) would note to the court that the provisions of the mandatory Handgun or Firearm Sentencing statute do not apply to this case, (c) would not oppose that the two sentences (on two counts) run concurrently, (d) would not request over 20 years on the top end of the sentencing, (e) would not request a set time in regard to the minimum end of the sentencing spectrum, and (f) would reserve the right to present comment concerning the factors set forth under Kansas' sentencing statute, K.S.A. 21-4606.
 
 
 6
 At the sentencing hearing, Mr. Hendershot, the prosecutor, made the following comments to the court pursuant to K.S.A. 214606:
 
 
 7
 MR. HENDERSHOT: Your Honor, in regard to comment by the State, as the Court knows from the record in this case we are not requesting that the Court impose the habitual criminal act. We are further not requesting that the court impose the mandatory firearms time under the requisite statute because the gun is not applicable in this particular case as we cannot prove which one of those gentlemen who was involved in this was in fact holding a gun as required by statute and case law. Further, we're not opposing the concurrent sentences and in regard to the maximum end in this case we're not requesting that the Court impose over 20 years. I think it is however for the Court to look at the factors in K.S.A. 21-4606 including: the prior history and record of the defendant; the extent of harm that the defendant caused in this particular case, which I'm sure the Court can tell from the affidavit was more than substantial; whether the defendant intended that his conduct would cause harm to the victim and society, and certainly there can be no argument that that harm was not intended. The Court should also consider the degree of the defendant's provocation; the substantial grounds for excuse or justify the defendant's conduct, whether the victim induced or facilitated the crime's commission; and whether the defendant can compensate the victim. All those are factors that the Court by statute and case law ought to look at. I think it's quite clear the factors d), e), f) and g) under the statute simply have no relevance under our particular set of circumstances here. I think the Court should look at factors a), b), and c): the defendant's prior history, the extent of harm, and whether the defendant intended to harm. And certainly b) and c) under our circumstances here are the most significant.
 
 
 8
 (R., Vol. VII, pp. 2-3).
 
 
 9
 Following the above remarks, the state trial judge informed Crawford that while the prosecution could make a recommendation, the ultimate decision on the sentence to be imposed was reserved to the discretion of the court. Id. at 11.
 
 
 10
 We affirm for substantially the reasons set forth in the district court's "Memorandum and Order" filed October 31, 1994.
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470